IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01045-MJW

JULIA MAE HALLIBURTON,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF LABOR DIVISION
OF ENERGY EMPLOYEES OCCUPATIONAL ILLNESS COMPENSATION;
and
RACHEL P. LEITON, DIRECTOR OF DIVISION OF ENERGY
EMPLOYEES OCCUPATIONAL ILLNESS COMPENSATION,

Defendants.

---

**ORDER ON
DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION
(DOCKET NO. 18)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court on the consent of the parties to magistrate judge jurisdiction. (Docket No. 12.) Now before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 18), to which Plaintiff filed a response (Docket No. 21), and Defendants filed a reply. (Docket No. 22.) The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

## BACKGROUND

Plaintiff's husband was employed at the U.S. Department of Energy's Rocky Flats plant for over a decade, where he was exposed to toxic chemicals that caused him to sustain various serious health conditions. (Docket No. 1 at ¶ 4.) After his death in 2012, Plaintiff filed series of claims for survivor benefits under the Energy Employees Occupational Illness Compensation Program Act (the "EEOICPA"). (*Id.* at ¶¶ 5-6.) The Denver District Office of United States Department of Labor's Division of Energy Employees Occupational Illness Compensation (the "Department") recommended that Plaintiff's original claim be denied, even though the Department's Contract Medical Consultant ("CMC") opined that it was at least as likely than not that Mr. Halliburton's exposure to harmful toxic substances was a substantial factor in aggravating, contributing to, or causing his health conditions. (*Id.* at ¶¶ 7-8.) The Department's Final Adjudication Board ("FAB") rejected the recommendation and remanded the case back to the Denver District Office for "additional development." (*Id.* at ¶ 9.) A second CMC report found that there was insufficient evidence to conclude that Mr. Halliburton's exposure to harmful toxins contributed to his health conditions and/or his death, and Plaintiff's claim was again denied. (*Id.* at ¶¶ 10-11.) After an administrative hearing was held, the Department issued a final decision on September 22, 2015, denying Plaintiff's claims for benefits under the EEOICPA. (*Id.* at ¶¶ 12-15.) Plaintiff alleges that she was unable to file an action for administrative review of the denial because, despite numerous written and oral requests, neither Plaintiff nor her counsel ever received the claims file maintained by the Department. (*Id.* at ¶¶ 17-23.)

Plaintiff brings this action under the Privacy Act of 1974, 5 U.S.C. § 552a. She alleges that the Department "intentionally and willfully" withheld the claims file, and requests that the Court "compel the Department to produce an accurate copy of the Claims File in its entirety forthwith; award Mrs. Halliburton compensatory damages, reasonable attorneys fees and costs pursuant to 5 U.S.C. § 552a(g); [and] order the statute of limitations for administrative review be equitably tolled." (*Id.* at ¶¶ 29-30.)

On August 16, 2017, Defendants filed the subject motion. (Docket No. 18.) Defendants argue that because the claim file has been produced, Plaintiff's claim is moot, and the Court lacks subject matter jurisdiction over this action. The Court agrees, and dismisses Plaintiff's case.

## LEGAL STANDARD

**Lack of Subject Matter Jurisdiction**

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the Court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss

to a motion for summary judgment under Rule 56. *See id.* Dismissal for lack of jurisdiction must be without prejudice*. Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1216 (10th Cir. 2006).

**Mootness**

Article III of the Constitution requires that the federal courts render decisions only where there is a live case or controversy between parties. U.S. Const. art. III, § 2. An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 130 (2009). If circumstances change during the pendency of the case that extinguish a party's legally cognizable interest in the action, the case is moot. *Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted). Mootness is an issue of subject matter jurisdiction which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001).

Mootness has two aspects: (i) whether the issues are live; and (ii) whether the parties have a legally cognizable interest in the outcome. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011). The critical question is "whether granting a present determination of the issues offered will have some effect in the real world." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999). When circumstances change such that the court is unable to grant effective relief that has some effect in the real world, a live case or controversy no longer exists and the case is, therefore, moot. *See McKeen v. U.S. Forest Serv*., 615 F.3d 1244,

4

1255 (10th Cir. 2010). Demonstrating that a case is moot is a heavy burden and lies with the party alleging that the action is moot. *See id.*

There are exceptions to the mootness doctrine. Thus, even if an action appears moot on its face, a court will refrain from dismissing the action when certain circumstances are present. The four generally recognized exceptions are: (1) the plaintiff continues to have secondary or collateral injuries even after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an alleged illegal practice, but is free to resume it at any time; or (4) the action is a properly certified class action suit. *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002).

## ANALYSIS

"The Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012). "The Privacy Act was enacted to promote governmental respect for the privacy of citizens by requiring all departments and agencies of the executive branch and their employees to observe certain constitutional rules in the computerization, collection, management, use, and disclosure of personal information about individuals." *Wren v. Harris*, 675 F.2d 1144, 1145-46 (10th Cir. 1982) (citations and quotation marks omitted). Generally speaking, the Privacy Act allows individuals to gain access to government records on them and to request correction of inaccurate records. *Jordan v. U.S. Dep't of Justice*, 668 F.3d 1188, 1190 (10th Cir. 2011).

5

There are four causes of action under the Privacy Act:

> first, for an agency's failure to review the denial of an amendment or to attach a statement of disagreement, *see* 5 U.S.C. § 552a(g)(1)(A); second, for an agency's denial of access to records, *see* 5 U.S.C. § 552a(g)(1)(B); third, for an agency's failure to maintain its records with accuracy, relevance, timeliness, and completeness to assure fairness in determinations, *see* 5 U.S.C. § 552a(g)(1)(C); and fourth, for an agency's failure to comply with any other Privacy Act provision which causes an "adverse effect on an individual," *see* 5 U.S.C. § 552a(g)(1)(D).

*Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998).

Plaintiff's Complaint falls squarely under 5 U.S.C. § 552a(g)(1)(B), as it requests that the Department produce a copy of the disputed records, i.e., the claims file. "Privacy Act cases premised upon a failure to disclose records upon the subject individual's request are remedied solely by injunctive relief directing the agency to make the required disclosure." *Jackson v. Shinseki*, No. 10-CV-02596-MSK-CBS, 2011 WL 3568025, at *6 (D. Colo. Aug. 9, 2011) (citing 5 U.S.C. § 552a(g)(1)(B), (g)(3)(A)), *aff'd*, 526 F. App'x 814 (10th Cir. 2013). *See also Gowan*, 148 F.3d at 1187-88 ("For the first two causes of action the court may award injunctive relief, and, if the plaintiff has 'substantially prevailed,' it may also award attorney's fees and costs. For the third and fourth causes of action, if the court determines the agency acted intentionally and willfully, it may award damages, attorney's fees, and costs.") (citations omitted). Plaintiff concedes that Defendants produced the claims file on or about July 6, 2017. (Docket No. 21 at p. 4.) In light of this production of documents, a live case or controversy no longer exists, and Plaintiff's Privacy Act claim is moot. *See Bloom v. Soc. Sec. Admin.*, 72 Fed. Appx. 733, 734 (10th Cir. 2003) (affirming dismissal of the plaintiff's Privacy

6

Act disclosure claim as moot because the government "had already turned over all requested documents to [the plaintiff]").

In her response, Plaintiff does not address or rebut the extensive authority cited by Defendants that the production of documents moots a Privacy Act claim brought under 552a(g)(1)(B). Instead, she asserts that she brought her claim under subsections (g)(1)(B) **and** (g)(1)(D). Plaintiff argues that because her remedies under (g)(1)(D) are not limited to injunctive relief, her claim is not mooted by the production of the claims file. Plaintiff's contention is unpersuasive. Section 552a(g)(1)(D) is a "catchall" provision that provides that damages may be awarded when an agency "fails to comply with **any other provision** of this section." (emphasis added). The failure to respond to records requests is explicitly contemplated by subsection (g)(1)(B), and the only available remedy is injunctive relief. Allowing a plaintiff to bring a failure to disclose records claim under the catchall provision, which allows monetary damages, would therefore contravene the plain language the Privacy Act.

Moreover, although a plaintiff who has "substantially prevailed" in Privacy Act action litigation may be entitled to an award attorney's fees and costs, *see* 5 U.S.C. § 552a(g)(3)(B), this prospective recovery alone cannot save Plaintiff's Privacy Act claim. It is "'indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain.'" *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1385 (10th Cir. 1993) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988)). *See also Lapka v. Chertoff*, 517 F.3d 974, 987 (7th Cir. 2008) ("The

fees and costs issue is not enough to keep the merits of [the plaintiff's] Privacy Act claim alive.").

Dismissing the action as moot, however, does not affect Plaintiff's right to seek attorney's fees; "the fee request survives independently under the court's equitable jurisdiction." *Anderson*, 3 F.3d at 1385. Nevertheless, the Plaintiff is not entitled to an award of attorney's fees. Plaintiff is required to show that she is both eligible for an attorney's fee award and that she is entitled to it. *Gowan*, 148 F.3d at 1195. To show eligibility for the award, Plaintiff must show that she has "substantially prevailed" on her claim, which means that her "lawsuit was reasonably necessary and substantially caused the requested records to be released." *Id.* If Plaintiff has "substantially prevailed," the Court must evaluate four factors to decide whether she is entitled to an award: "'(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law.'" *Id.* (quoting *Anderson v. Secretary of Health and Human Serv*., 80 F.3d 1500, 1504 (10th Cir.1996)).

Although Plaintiff may be considered the prevailing party because the disclosure of the claims file was likely motivated by her Complaint, the Court does not find that she is entitled to an award of attorney's fees. Plaintiff's suit was for her personal benefit rather than for the benefit of the public interest and she gained no commercial benefit from the disclosure of the records. Accordingly, her claim for attorney's fees is dismissed.

Finally, Plaintiff argues that the Court should apply equitable tolling to her claims for benefits under the EEOICPA. However, that issue is not before the Court. Plaintiff's claim for relief in this case was brought pursuant to the Privacy Act. It is not an action for administrative review of the Department's denial of her claims for benefits. Plaintiff is free to file such an action, and raise her equitable tolling argument in the appropriate forum. This Court will not address it here.

Based upon the foregoing, it is hereby **ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 18) is **GRANTED** and that Plaintiff's Complaint (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT

Date: March 12, 2018  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge